IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:10-cv-1124-J-25 JBT

RANDY CHAMBERS,

     Plaintiff,

v.

UNITED RECOVERY SYSTEMS, LP,

     Defendant.

_____/

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff, RANDY CHAMBERS ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, UNITED RECOVERY SYSTEMS, LP ("Defendant") or ("URS") is a Limited Partnership who at all relevant times was engaged, by use of the mails and telephone, in

the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

### FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.      During a telephonic communication with Plaintiff, Defendant, via its agent and/or employee, inquired of Plaintiff whether he knew the meaning of a bank levy. Plaintiff responded that he had no money, and in response, Defendant further inquired, "What about [your wife]?" Plaintiff subsequently stated to Defendant that Plaintiff's wife was not liable for the alleged debt owed by Plaintiff in any manner. Defendant then misrepresented that Plaintiff's wife was liable for the alleged debt, and further falsely implied that a bank levy could be placed against Plaintiff's wife, with the intent of frightening Plaintiff and inveigling Plaintiff to make payment toward the alleged debt by asserting Defendant would take an action that cannot legally be taken.

12.     During a telephonic communication with Plaintiff, Defendant, via its agent and/or employee, repeatedly threatened Plaintiff that it would send a Sheriff to his place of employment.

13.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

14.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 13.

15.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendant violated  15 U.S.C. § 1692e(2)(A);

   b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

16.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 13.

17.     Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

   b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

18.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 13.

19.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

   b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF THE SECTION 559.72(4) OF THE FCCPA
## AGAINST URS

20.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-13 of this complaint.

21.    Defendant violated §559.72(4) of the Florida Consumer Collection Practices Act by communicating or threatening to communicate with a debtor's employer prior to obtaining final judgment against the debtor, absent written permission from Plaintiff to engage in such communication.

22.    As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, RANDY CHAMBERS, by and through his attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Emotional and/or mental anguish damages;

    c.    Statutory damages of $1,000.00;

    d.    Plaintiff's attorneys' fees and costs;

    e.    Any other relief deemed appropriate by this Honorable Court.

## COUNT V
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
## AGAINST URS

23.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-13 of this complaint.

24.    Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt with actual or constructive knowledge that the debt was not legitimate and/or asserting the existence of some other right with actual/constructive knowledge that the right did not exist.

25.    As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, RANDY CHAMBERS, by and through his attorneys, respectfully prays for judgment as follows:

a.    All actual compensatory damages suffered;

b.    Emotional and/or mental anguish damages;

c.    Statutory damages of $1,000.00;

d.    Plaintiff's attorneys' fees and costs;

e.    Any other relief deemed appropriate by this Honorable Court.


## TRIAL BY JURY

26.    Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this 2nd day of _____, 20 10.

December

Respectfully submitted,
**RANDY CHAMBERS**

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com